# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SPIROS PSAROLOGOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 19 C 7400 |
| v. | ) |
| | ) |
| | ) Magistrate Judge M. David Weisman |
| CITY OF CHICAGO, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff alleges that the defendant police officers beat and/or arrested him without probable cause. He asserts 42 U.S.C. § 1983 claims for excessive force and false arrest against the individual officers and also seeks to hold the City liable for their alleged misconduct pursuant to *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). The case is before the Court on defendants' motion to bifurcate the *Monell* claim and stay *Monell* discovery. For the reasons set forth below, the Court grants the motion in part.

### Discussion

In his *Monell* claim, plaintiff asserts that the "City has encouraged the [misconduct he alleges] by failing to adequately train, investigate and/or discipline Chicago police officers for their own use of excessive force and for the covering up of their fellow officers' use of excessive force, even in off-duty situations such as the one here, and these failure [sic] constitute deliberate indifference." (Compl., ECF 1 ¶ 101.) Plaintiff says the following practices/customs "were the driving force behind [defendants'] conduct" and the harm to plaintiff:

A. The CITY of Chicago has encouraged its police department and investigative

> agencies to protect its police officers from accountability by allowing and fostering a "code of silence" in the Chicago police department[;]
> B. The CITY has failed to adequately and impartially investigate allegations of police misconduct[;]
> C. The CITY has failed to adequately retrain and discipline officers for their misconduct[;]
> D. The CITY has failed to develop and implement an effective "early warning system" to identify and address problematic behavior by its police officers[;]
> E. Finally, the CITY has failed to terminate officers who have demonstrated they are dangerous and pose a foreseeable risk to public safety.

(*Id.* ¶ 102.)

Defendants say the *Monell* claim should be severed for trial from the claims plaintiff asserts against the individual defendants. *See* Fed. R. Civ. P. 42(b) (permitting courts to separate claims for trial "[f]or convenience, to avoid prejudice, or to expedite and economize"). This case, however, is far from trial. Thus, whether it is appropriate to sever the *Monell* claim for trial and approve the City's proposed limited consent judgment is not ripe at this time.

That does not mean, however, that *Monell* discovery should proceed immediately. *See* Fed. R. Civ. P. 26(c) (giving courts discretion to limit the scope of discovery or specify the time for discovery). Though *Monell* liability is not always contingent on the liability of individual defendants, *see Thomas v. Cook County Sheriff's Department*, 604 F.3d 293, 305 (7th Cir. 2010), a successful *Monell* claim still requires a constitutional injury. Plaintiff says his constitutional rights were violated by defendants' use of excessive force and lack of probable cause. It is difficult to conceive of a scenario in which the City would be held liable for these injuries and the individual defendants would not. Thus, in this case, it makes sense to stay *Monell* discovery until discovery on the claims against the individual defendants is completed and any summary judgment motion they may file has been decided. If the individual defendants do not file a motion for summary judgment, or file one that the Court decides in plaintiff's favor, then *Monell* discovery will begin.

Admittedly, this approach may lead to two rounds of discovery and two summary judgment

2

motions instead of one.  But the discovery process will be more efficient and manageable if the first round focuses on the use of force and probable cause and the second round focuses on the *Monell* claims.  Moreover, structuring discovery in this way will not hinder any party's ability to gather evidence in support of their claims or defenses.  Accordingly, the Court stays *Monell* discovery until further order of the Court.

## Conclusion

For the reasons set forth above, the Court grants in part defendants' motion to bifurcate the *Monell* claim and stay *Monell* discovery [53].  The motion is granted as to the request for a stay and in all other respects is denied without prejudice.  *Monell* discovery is stayed until further order of the Court.

**SO ORDERED.**                              **ENTERED: February 25, 2020**

_____
**M. David Weisman**
**United States Magistrate Judge**